FILED
FEB 2 0 2007
DAVID CREWS, CLERK
BY_____ Deputy

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
THE DELTA DIVISION

| | |
|---|---|
| SUSAN HENDERSON, )<br>    PLAINTIFF, )<br> )<br>V. )<br> )<br> )<br>NORTHWEST COMMUNITY )<br>COLLEGE, )<br>    DEFENDANT. ) | CIVIL ACTION NO.: 2:07CV28-M-A<br>JURY TRIAL REQUESTED |

## COMPLAINT

COMES NOW, Plaintiff, by and through her attorneys, pursuant to the Federal Rules of Civil Procedure, to hereby files this Complaint, and states unto the Court the following:

### A. PARTIES

1. Plaintiff Susan Henderson is an individual citizen of the State of Mississippi. She was enrolled in school at Northwest Community College (hereinafter referred to "NWCC") in the Licensed Practical Nursing ("LPN") program at the Southaven campus of NWCC.

2. Defendant Northwest Community College is located at 4975 Highway 51 North, Senatobia, Mississippi and at 5197 W.E. Ross Parkway in Southaven, Mississippi.

1

At all times relevant to this lawsuit it has been a public institution of higher learning in the state of Mississippi. Upon information and belief, the Defendants received Federal funds or Federal financial assistance to support the college, including its LPN program.

## B. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 29 U.S.C. § 794a, and 42 U.S.C. §2000e-2 and §12117.

4. The venue properly lies in the Northern District of Mississippi, pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f).

## C. COUNTS ONE AND TWO
## UNLAWFUL DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT OF 1973 AND THE AMERICANS WITH DISABILITIES ACT

5. Plaintiff was a student in the Licensed Practical Nurse program of the Defendants.

6. At all times relevant to this lawsuit, Plaintiff was an individual with a disability as defined by the Rehabilitation Act of 1973 (hereinafter, "Rehab Act"), 29 U.S.C. §705(20) and Title II of the Americans with Disabilities Act (hereinafter, "ADA") 42 U.S.C. §12131.

2

7. At all times relevant to this lawsuit, Plaintiff was a qualified individual as defined by the Rehab Act and/or the ADA.

8. During her enrollment with the Defendants, the Plaintiff requested for reasonable accommodations regarding her dyslexia and dysphasia.

9. The Defendants granted some, but not all of the accommodations that she requested.

10. The Defendants intentionally discriminated against Plaintiff because of her disability in violation of the Rehab Act, 29 U.S.C. §794, and the ADA, 42 U.S.C. §12132, by denying her some of the accommodations, harassing her because of her disability, and/or by expelling her from the LPN program due to her disability.

### D. COUNTS THREE
### UNLAWFUL RETALIATION IN VIOLATION OF
### THE ADA

11. The Defendants also retaliated against Plaintiff in violation of the ADA, 29 U.S.C. §12203, by expelling or terminating her from the LPN program after having exercised her rights under the ADA.

3

## E. DAMAGES

12.     Plaintiff suffered the following injuries as a direct and proximate result of Defendants' conduct:

    (a)     Plaintiff was terminated and expelled from the LPN program, and denied some reasonable accommodations dealing with her disability.

    (b)     Plaintiff suffered loss of educational-related expenses and other pecuniary losses.

    (c)     Plaintiff suffered loss of credit for classes.

    (d)     Plaintiff was also caused to suffer embarrassment, humiliation, anxiety, and emotional distress, among other things.

## F. ATTORNEYS FEES AND COSTS

13.     Plaintiff is entitled to an award of attorney's fees, expert witness fees, and costs under 42 U.S.C. §12133, 29 U.S.C. § 794a, and 42 U.S.C. § 2000e-5(k).

## G. PRAYER

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff requests that, after a trial by jury, the Court enters a judgment for Plaintiff awarding Plaintiff the following relief:

4

1. All educational-related expenses lost and any other form of pecuniary loss;

2. Compensatory damages for emotional distress and mental anguish in an amount to be proved at trial;

3. Punitive damages in an amount to be proved at trial;

4. Pre-judgment and post judgment interest;

5. Reasonable attorney's fees, expert witness fees, and costs; and

6. Injunctive relief in the form of an order reinstating the Plaintiff into the Defendants' LPN program, prohibiting discriminatory and retaliatory practices by the Defendants against the Plaintiff and others similarly situated as the Plaintiff, among other things.

7. Such other general and specific legal and/or equitable relief to which Plaintiff is entitled.

Respectfully submitted,

_____
James D. Harper (MS Bar #99386)
Philip A. Stroud (MS Bar #99401)
Attorneys for Plaintiff

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff Susan Henderson, in accordance with Federal Rule of Civil Procedure 38, asserts her rights under the Seventh Amendment to the U.S. Constitution and demands a trial by jury on all issues.

_____
James D. Harper
Attorneys for Plaintiff

**Of Counsel:**

**STROUD & HARPER, P.C.**
**5779 Getwell Road, C-1**
**Southaven, Mississippi 38671**
**Telephone:** 662-536-5656
**Facsimile:** 662-536-5657