IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SUSAN HENDERSON                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:07CV028-M-A

NORTHWEST COMMUNITY COLLEGE                       DEFENDANTS

**ANSWER AND DEFENSES OF NORTHWEST COMMUNITY COLLEGE**

COMES NOW Northwest Community College, the defendant herein, by and through counsel, and files its Answer and Defenses to plaintiff's Complaint filed against it, as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against these defendants upon which relief may be granted and must be dismissed pursuant to F.R.C.P. 12(b)(6).

**SECOND DEFENSE**

**ANSWER**

Without waiving its right to be heard regarding the above defense, this defendant responds to the allegations of plaintiff's Complaint, paragraph by paragraph, as follows:

1.

This defendant admits the allegations contained in Paragraph 1 upon information and belief.

2.

This defendant admits the allegations contained in Paragraph 2.

3.

This defendant admits the allegations contained in Paragraph 3.

4.

This defendant admits the allegations contained in Paragraph 4.

5.

This defendant admits the allegations contained in Paragraph 5.

6.

This defendant is currently without information or knowledge sufficient to for a belief as to the truth of the matter(s) asserted in Paragraph 6.

7.

This defendant is currently without information or knowledge sufficient to for a belief as to the truth of the matter(s) asserted in Paragraph 7.

8.

This defendant is currently without information or knowledge sufficient to for a belief as to the truth of the matter(s) asserted in Paragraph 8.

9.

This defendant provided plaintiff with reasonable accommodations. This defendant denies the allegations contained in Paragraph 9 to the extent that plaintiff allegations Northwest Community College did not provide her accommodations.

10.

This defendant denies the allegations contained in Paragraph 10.

11.

This defendant denies the allegations contained in Paragraph 11.

12.

This defendant denies the allegations contained in Paragraph 12, including sub-parts (a) through (d).

13.

This defendant denies the allegations contained in Paragraph 13, and specifically denies that plaintiff is entitled to a judgment or any relief from it in any sum or sums whatsoever.

14.

In response to the unnumbered paragraph beginning with the words "WHEREFORE, THE PREMISES CONSIDERED," this defendant denies that the plaintiff is entitled to judgment or any other relief against it, in any sum or sums whatsoever, and demands that plaintiff's Complaint be dismissed against it with prejudice, with all costs assessed against plaintiff.

And now, having responded to the allegations contained in plaintiff's Complaint, and having denied any and all liability in the premises, this defendant would show unto the court the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The sole proximate cause of the damages, if any, incurred by the plaintiff was his own negligence and/or the acts of a person or entity other than these defendants and for whom these defendants can have no liability. Alternatively, if it is found that the plaintiff was negligent, and it is also found that these defendants and/or any other person or entity were negligent, then plaintiff's damages must be reduced in accordance with Mississippi's law of comparative negligence and Miss. Code Ann. § 85-5-7.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Eleventh Amendment.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust all administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the statutory defenses enumerated in 42 U.S.C. § 12113.

**FIFTH AFFIRMATIVE DEFENSE**

Northwest Community College provided plaintiff, at all relevant times, with appropriate and adequate accommodations as defined within the Americans with Disabilities Act and the Rehabilitation Act.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff violated Northwest Community College's policies and procedures which resulted in her dismissal from the licensed practical nursing program.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff seeks punitive damages, this defendant invokes the provisions this defendant would affirmatively show that (a) since punitive damages are penal in nature, this defendant is entitled to the same procedural safeguards afforded to those charged with a crime, and an assessment for punitive damages herein would be in violation of the Sixth Amendment of the United States Constitution and in violation of the prohibition against excessive fines and cruel and unusual punishment of the Eighth Amendment of the United States Constitution; (b) any award of punitive damages in this case would be in violation of the due process clause of the First and Fourteenth Amendments of the United States Constitution since the standards for imposing liability

and for assessing the amount for punitive damages are unconstitutionally vague; (c) the application of such an unconstitutionally vague standard is arbitrary, capricious and not rationally related to any legitimate governmental interest; (d) plaintiff's Complaint fails to state a claim against this defendant upon which plaintiff may be awarded punitive or exemplary damages.

WHEREFORE PREMISES CONSIDERED, Northwest Community College, having denied any and all liability in the premises, demands that plaintiff's Complaint be dismissed against it with prejudice with all costs assessed against plaintiff.

    Respectfully submitted,

    NORTHWEST COMMUNITY COLLEGE

    By: /s/Amanda M. Urbanek
        OF COUNSEL

SILAS W. MCCHAREN – MSB # 2213
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400 (39211-5982)
P. O. BOX 1084
JACKSON, MS 39215-1084
(601) 969-7607

AMANDA M. URBANEK – MSB # 100425
DANIEL, COKER, HORTON & BELL, P.A.
265 NORTH LAMAR BLVD., SUITE R.
POST OFFICE BOX 1396
OXFORD, MISSISSIPPI 38655-1396
(662) 232-8979

**CERTIFICATE**

     I, hereby certify that on March 26, 2007, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants. The following is a list of all counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this Firm:

        James D. Harper, Esq.
        Stroud & Harper, P.C.
        5779 Getwell Road, C-1
        Southaven, Mississippi 38671

                                       /s/Amanda M. Urbanek